

# THE ATTORNEY GENERAL
## OF TEXAS

July 7, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Travis S. Ware
Criminal District Attorney
P. O. Box 10536
Lubbock, Texas    79408

Opinion No. JM-739

Re: Whether an attorney appointed by a justice of the peace to represent an indigent is entitled to compensation if he does not appear in court, and related questions

Dear Mr. Ware:

You ask the following questions:

1. Is an attorney appointed by a justice of the peace for an indigent defendant entitled to compensation if he does not appear in court?

2. Does article 26.05, section 1(d), of the Code of Criminal Procedure allow for compensation to an attorney appointed by a justice of the peace for research and investigation that the attorney does on a case for an indigent defendant that is not time spent in court?

3. Is an arraignment a court appearance that is to be compensated under article 26.05 of the Code of Criminal Procedure?

Article 26.05 of the Code of Criminal Procedure provides:

Section 1. A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus .hearing held, according to the following schedule:

(a) For each day or a fractional part thereof in court representing the accused, a reasonable fee to be set by the court but in no event to be less than $50;

(b) For each day in court representing the accused in a capital case, a reasonable fee to be

set by the court but in no event to be less than $250;

(c) For each day or a fractional part thereof in court representing the indigent in a habeas corpus hearing, a reasonable fee to be set by the court but in no event to be less than $50;

(d) For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500;

(e) For the prosecution to a final conclusion of a bona fide appeal to a court of appeals or the Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

(f) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals in a case where the death penalty has been assessed, a reasonable fee to be set by the court but in no event to be less than $500.

Sec. 2. The minimum fee will be automatically allowed unless the trial judge orders more within five days of the judgment.

Sec. 3. All payments made under the provisions of this Article may be included as costs of court.

Sec. 4. An attorney may not receive more than one fee for each day in court, regardless of the number of cases in which he appears as appointed counsel on the same day. (Emphasis supplied).

In Attorney General Opinion H-909 (1976) it was stated:

In Attorney General Opinion H-789 (1976), we said that a court-appointed attorney may not be compensated under article 26.05 if he does not appear in court. Once he appears in court, the judge must set a reasonable fee for each day or fraction thereof in court. The statute does not state the factors which the judge may consider in setting the fee, but leaves him considerable discretion to value the attorney's respresentation [sic] of the accused. (Emphasis supplied).

We assume that your question does not relate to appointment of an attorney to represent a defendant on a trial on its merits in justice

court since the jurisdiction of the justice court in criminal matters is limited to cases where the punishment is by fine only. Tex. Const. art. V, §19. In Attorney General Opinion C-654 (1966) it was noted that article 2.09 of the Code of Criminal Procedure designates justices of the peace as magistrates and in such capacity "may appoint counsel to represent an accused in an examining trial held by him only." It is our opinion that appointed counsel is not entitled to compensation if he does not appear in court.

Your second question relates to compensation of counsel under section 1(d) of article 26.05 for research and investigation that does not constitute "time spent in court."

In Attorney General Opinion H-909 (1976) it was concluded:

> A fee awarded under article 25.06, section 1(a), Code of Criminal Procedure, is not inherently unreasonable because the court considered time spent on legal research and investigation in establishing it.

See also Attorney General Opinion JM-537 (1986).

Thus, in setting a fee for each day an attorney appears in court under section 1(a) of article 26.05, it is not inherently unreasonable for the court to consider time spent on research and investigation in connection with the case.

In reviewing your question regarding whether an arraignment is a court appearance under article 26.05 we first must determine what transpires at an arraignment. Because you have asked about attorneys appointed by justices of the peace, we note that justices of the peace do not conduct arraignments. In Wood v. State, 515 S.W.2d 300, 303 (Tex. Crim. App. 1974), it was stated:

> The purpose of arraignment is to read the indictment to the accused, hear his plea thereto and fix his identity, Article 26.02, Vernon's Ann. C.C.P., and it usually is the point in the criminal proceedings at which the trial court determines if the accused has counsel and if appointment of counsel is necessary. Therefore, unless arraignment is waived, most careful trial judges make every effort to see that arraignment occurs as early in the proceedings as possible.

The time for holding an arraignment is governed by article 26.03 of the Code of Criminal Procedure, providing:

> No arraignment shall take place until the expiration of at least two entire days after the day on which a copy of the indictment was served

on the defendant, unless the right to such copy or
to such delay be waived, or unless the defendant
is on bail.

In Wood v. State, supra, it was pointed out that an arraignment
is one of the proceedings that can be disposed of at a pre-trial
hearing. See Code Crim. Proc. art. 28.01. As heretofore noted,
counsel appointed to represent an indigent defendant is entitled to
his statutory fee for any time spent in court, even a fractional part
of a day, representing an indigent accused, however, he is not
entitled to be paid more than one such fee for any one day. Attorney
General Opinion H-298 (1974). We are of the opinion that when
appointed counsel appears in court on behalf of the defendant at an
arraignment he is making an appearance "in court representing the
accused" and is entitled to be compensated under article 26.05.

## S U M M A R Y

Appointed counsel is not entitled to compensa-
tion under article 26.05 of the Code of Criminal
Procedure if he does not appear in court on behalf
of the accused. In setting a fee for each day or
fractional part thereof in court representing the
accused, a fee is not inherently unreasonable
because the court considered time spent by the
appointed attorney on legal research and investiga-
tion. Attorney General Opinion H-909 (1976). When
appointed counsel appears in court on behalf of the
defendant at an arraignment he is entitled to be
compensated under article 26.05 of the Code of
Criminal Procedure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General